**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3326-17T4

JOSEPH HOO,

     Plaintiff-Appellant,

v.

ERIC KAM, BRIAN CARLINO,
MICHAEL LAFRANO, DANIEL
LAMORGES, KEVIN VAN SADERS,
FRANCES PAPAPIETRO, NEW
MILFORD POLICE DEPARTMENT,
and NEW MILFORD BOROUGH,

     Defendants-Respondents.

_____

Submitted June 4, 2019 – Decided June 26, 2019

Before Judges Fisher and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-010297-15.

Law Offices of Walter M. Luers, LLC, attorneys for appellant (Walter M. Luers, on the brief).

Kantrowitz, Goldhamer & Graifman, PC, attorneys for respondent Eric Kam (Randy J. Perlmutter, on the brief).

PER CURIAM

Appellant, Joseph Hoo, appeals from two orders granting respondent, Eric Kam, summary judgment and counsel fees. Additionally, Hoo appeals from a judgment entered in Kam's favor for counsel fees. We affirm the orders and judgment of the trial court substantially for the reasons expressed in Judge Friscia's thoughtful and comprehensive opinions.

This appeal stems from a Thanksgiving Day altercation in 2013 between Eric Kam and his uncle, Joseph Hoo. On that day, Hoo was told he was not invited to Kam's house for Thanksgiving dinner. Hoo, accompanied by his son, then drove to Kam's house in New Milford to challenge Kam about being excluded from the holiday dinner. Once Hoo arrived at Kam's home, he confronted Kam. According to Kam, Hoo held a machete while he made threatening remarks to Kam, including, "You better watch your back. Every day you step outside you better watch it." Kam's wife was home during the parties' encounter and called the police. New Milford police officers arrived on scene and as they pulled up to Kam's home, Hoo and his son left in Hoo's car. Shortly thereafter, Hoo was stopped by police; they found a black machete in his vehicle.

Following this incident, Hoo was charged with making terroristic threats, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose. At his municipal court trial, he was found guilty of harassment and two counts of disorderly conduct, but found not guilty of simple assault. During this trial, Hoo admitted he had been told not to come to Kam's house on Thanksgiving. He also conceded he made threats to Kam that day. But he denied wielding a machete during the altercation.

Although Hoo appealed his conviction, the Law Division judge confirmed the municipal judge's finding of probable cause to arrest Hoo, upheld the municipal judge's finding that Kam's statements and testimony were credible, and found Hoo guilty on the two disorderly conduct charges. Hoo was acquitted of the harassment charge in the Law Division. He appealed from this decision and we affirmed the Law Division judge's findings.

Subsequently, Hoo initiated a civil action in Essex County against Kam. In that suit, he alleged Kam was liable for defamation and tort of outrage/intentional infliction of emotional harm due to the Thanksgiving Day incident. Hoo then filed a five-count complaint in Bergen County over the same incident. In the Bergen County suit he added claims against Kam and named as additional defendants, the Borough of New Milford, the New Milford Police

A-3326-17T4

Department and the officers who had responded to the call on Thanksgiving Day. The two cases were consolidated and the entire matter was transferred to Bergen County. In May 2017, all defendants, except Kam, were dismissed from the suit on summary judgment. Kam was left to defend against the following claims: malicious representation/deceit; malicious prosecution; civil conspiracy; and tort of outrage. Kam then filed a motion in limine against Hoo. His motion was converted to a motion for summary judgment and was granted on July 7, 2017. Thereafter, Kam moved for sanctions and counsel fees. This motion also was granted and Kam was awarded counsel fees in the sum of $9472.75 on August 31, 2017. A judgment was entered in that amount on September 14, 2017.

On appeal, Hoo insists summary judgment should not have been entered against him because material issues of fact relating to the altercation existed. He particularly complains there is a material issue of fact relating to whether he held a machete during the fight. Kam responds that the statements he made to police about the incident (directly and in an affidavit) are subject to a qualified privilege, as part of a police investigation. Thus, he asserts his statements to law enforcement cannot be defamatory. Kam also notes Hoo was found guilty of offenses that arose from the altercation, further substantiating his statements

to police. Additionally, Kam argues the counsel fee award is more than justified because he had to defend against Hoo's unsustainable causes of action and Kam spent far more in fees than he was awarded.

The scope of our review of a judgment entered in a non-jury case is limited. "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice[.]" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting In re Trust Created By Agreement Dated December 20, 1961, ex rel. Johnson, 194 N.J. 276, 284 (2008)). When "supported by adequate, substantial and credible evidence," a trial court's findings "are considered binding on appeal." Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974).

"That the finding[s] reviewed [are] based on factual determinations in which matters of credibility are involved is not without significance." Ibid. "[I]n reviewing the factual findings and conclusions of a trial judge, we are obliged to accord deference to the trial court's credibility determination[s] and the judge's 'feel of the case' based upon his or her opportunity to see and hear the witnesses." N.J. Div. of Youth & Family Servs. v. R.L., 388 N.J. Super. 81,

88 (App. Div. 2006) (citing Cesare v. Cesare, 154 N.J. 394, 411-13 (1998)). Our task is not to determine whether an alternative version of the facts has support in the record, but rather, whether "there is substantial evidence in support of the trial judge's findings and conclusions." Rova Farms, 65 N.J. at 484. It is the role of the factfinder to sort through conflicting evidence, often with the aid of credibility assessments, to determine what occurred. We will engage in independent fact-finding "sparingly and in none but a clear case where there is no doubt about the matter." Ibid. Legal conclusions, however, are reviewed de novo. Manalapan Realty, L.P. v. Twp. Comm.of Manalapan, 140 N.J. 366, 378 (1995).

Applying these guiding principles, we conclude Hoo's challenges to the orders granting summary judgment and counsel fees, as well as the judgment for counsel fees entered in Kam's favor, are without merit. We affirm Judge Friscia's summary judgment order, as well as her order and judgment for a partial counsel fee award, substantially for the reasons expressed in her detailed opinions of July 7, 2017 and August 31, 2017. We are more than satisfied her findings of fact were supported by substantial credible evidence and her legal conclusions were correct. Indeed, we find no error in her adoption of the municipal judge's finding of probable cause to arrest Hoo and her determination

that Kam's verbal and written statements to the police were corroborated by witnesses and provided in good faith. Likewise, we agree with Judge Friscia's assessment that statements Kam made to police for detection or prevention of a crime were subject to a qualified privilege and Hoo did not overcome the qualified privilege by clear and convincing evidence. Thus, Hoo could not sustain a defamatory cause of action against Kam. Based on additional findings wholly supported by the record, we also are satisfied Judge Friscia appropriately found Hoo could not sustain a claim for malicious prosecution, civil conspiracy or a tort of outrage. It is readily apparent Judge Friscia painstakingly evaluated the viability of each of Hoo's claims against Kam, before granting summary judgment in Kam's favor.

Turning to the order and judgment relating to counsel fees, we discern no basis to disturb same, even though this unfortunate family feud caused Kam to incur counsel fees well in excess of what he was awarded by Judge Friscia. We agree with Judge Friscia that Hoo "had three different attorneys throughout the course of the litigation, in seeking to pursue his unsupported claims," that he had "personal knowledge of the facts and was advised as to the legal circumstances of this matter throughout the litigation and appeals. It is evident

A-3326-17T4

that [Hoo] litigated this matter with no newly discovered facts and as such, has acted in bad faith by protracting frivolous unsupportable litigation."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3326-17T4